**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| REGINA HOWELL, | |
| Plaintiff, | Case No. |
| v. | **CLASS ACTION COMPLAINT** |
| BYRON UDELL & ASSOCIATES, INC. d/b/a ACCUQUOTE and DOES 1-20, | **JURY DEMANDED** |
| Defendants. | |

Now comes the Plaintiff, REGINA HOWELL, by and through her attorneys, and for her Class Action Complaint against the Defendants, BYRON UDELL & ASSOCIATES, INC. d/b/a ACCUQUOTE ("Accuquote") and DOES 1-20, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENTS**

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendants in negligently, knowingly, and/or willfully placing, through its agent(s), automated sales, solicitation, and/or other telemarketing calls to Plaintiff in violation of the TCPA and related regulations, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private

homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how entities such as Defendants may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

5. Persons, like Plaintiff herein, have no control to stop unsolicited and unwanted telemarketing calls.

6. Plaintiff and the members of the proposed Classes defined below received unsolicited automated telemarketing calls to their cellular telephones, all because Defendants wished to advertise and market Accuquote's products and/or services for Accuquote's own benefit.

7. According to the Federal Communications Commission's website, accessed on May 21, 2020 at https://www.fcc.gov/consumers/guides/stop-unwanted-robocalls-and-texts:

> The national Do Not Call list protects landline and wireless phone numbers. You can register your numbers on the national Do Not Call list at no cost… Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you register. Your numbers will remain on the list until you remove them or discontinue service – there is no need to re-register numbers.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District and Defendant Accuquote maintains its principal place of business within the Northern District of Illinois.

## PARTIES

10. Plaintiff is an individual who was at all relevant times residing in Jacksonville Grove, Florida.

11. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39).

12. On information and belief, Defendant BYRON UDELL & ASSOCIATES, INC. d/b/a ACCUQUOTE ("Accuquote") is a corporation of the State of Illinois, whose principal place of business is located in Wheeling, Illinois.

13. On information and belief, at all times relevant hereto, Accuquote was engaged in the marketing and sale of life insurance.

14. Accuquote is a "person" as defined by 47 U.S.C. § 153(39).

15. The true names and capacities of the Defendants sued herein as DOES 1-20 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged

herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## FACTS COMMON TO ALL COUNTS

16. On or about March 17, 2020, Plaintiff successfully registered her telephone number ending in -8184 with the National Do-Not-Call Registry.

17. On or about April 17, 2020, Defendants began placing unsolicited automated telemarketing telephone calls to Plaintiff.

18. Plaintiff has not previously sought out Defendants' services, nor has Plaintiff attempted to retrieve information from Defendants about their services.

19. Plaintiff received multiple automated telephone calls from Defendants. Automated calls were placed to Plaintiff by Defendants on or about April 17, 2020 and May 12, 2020.

20. When Plaintiff answered Defendants' calls, she heard an artificial or prerecorded voice on the other line instead of a live person, which is also indicative of the use of an automatic telephone dialing system.

21. During Defendants' initial call to Plaintiff, she attempted to ask questions to find out who was calling her, but no one responded, indicating the use of an artificial or prerecorded voice. Plaintiff was eventually transferred to a live person.

22. Plaintiff's call was then transferred a second time, and she spoke to an individual who said she was with Accuquote Life Insurance.

23. Despite Plaintiff's cellular telephone number having been registered on the National Do-Not-Call list for over 30 days, Defendants placed another automated telemarketing call to Plaintiff's cellular telephone number on May 12, 2020.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (the "ATDS Class") defined as follows:

> All persons within the United States who received telephone calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, who had not granted Defendants prior express consent to place such calls to them and/or who had revoked any such consent, within four years prior to the filing of this Complaint through the date of class certification.

25. Plaintiff also brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (the "National Do-Not-Call Class") defined as follows:

> All cellular telephone subscribers within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, or who had revoked such consent and prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services within any 12-month period, within four years prior to the filing of this Complaint through the date of class certification.

26. Defendants, and their employees and agents are excluded from the ATDS Class and the National Do-Not-Call Class (collectively referred to as the "Classes"). Plaintiff does not know the number of members in the Classes, but believes the members of the Classes number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

27. The members of the Classes are so numerous that the individual joinder of all members is impractical. While the exact number and identities of the members of the Classes are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Classes include hundreds, if not

thousands of members. Plaintiff alleges that the Classes members may be ascertained by the records maintained by Defendants.

28. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the respective Classes are so numerous that joinder of the Classes' members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

29. There are questions of law and fact common to the ATDS Class affecting the parties to be represented. The questions of law and fact common to the ATDS Class predominate over questions which may affect individual ATDS Class members and include, but are not necessarily limited to, the following:

    a. Whether the ATDS Class members' telephone numbers were called by Defendants using an automatic telephone dialing system or an artificial or prerecorded voice;

    b. Whether Defendants obtained prior express consent to place any such calls; and

    c. Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*, and the amount of damages to be awarded for any such violations.

30. As a resident of the United States whose cellular telephone number was called by Defendants on multiple occasions using an automatic telephone dialing system and an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the ATDS Class.

31. There are questions of law and fact common to the National Do-Not-Call Class affecting the parties to be represented. The questions of law and fact common to the National Do-

Not-Call Class predominate over questions which may affect individual members and include, but are not limited to, the following:

    a.    Whether the National Do-Not-Call Class members' telephone numbers were called by Defendants after such numbers had been registered on the National Do-Not-Call Class registry; and

    b.    Whether Defendant violated the TCPA, 47 U.S.C. § 227, *et seq.*, and the amount of damages to be awarded for any such violations

32. As a residential telephone subscriber who received telephone calls, made by or on behalf of Defendants, without her consent, after her telephone number was registered on the National Do-Not-Call Registry for at least 30 days, within four years prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of the National Do-Not-Call Class.

33. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Classes.

34. Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

35. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all the Classes' members is impracticable. Even if every member of the Classes could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management

difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Classes. Class treatment will also permit the adjudication of relatively small claims by many members of the Classes who could not otherwise afford to seek legal redress for the wrongs complained of herein.

36. The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Classes not parties to such adjudications or that would substantially impair or impede the ability of such non-party members of the Classes to protect their interests.

37. Defendants have acted or refused to act in respect generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

38. Defendant failed to comply with the requirements of the TCPA, including but not limited to 47 U.S.C. § 227(b), to 47 U.S.C. § 227(c), and 47 C.F.R. § 64.1200(c), as to the members of the Classes with respect to the above-alleged transactions.

39. The TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

40. 47 C.F.R. § 64.1200(c) provides that:

> No person or entity shall initiate any telephone solicitation to:

> …
> (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

41. In multiple instances, Defendants placed calls to the members of the ATDS Class using an automatic telephone dialing system and/or an artificial or prerecorded voice, without the members' prior express consent, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*

42. In addition, in multiple instances, Defendants placed calls to the members of the National Do-Not-Call Class who had registered their telephone numbers on the national do-not-call registry, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(c).

43. The size and definition of the Classes can be identified through Defendants' records and/or Defendants' agents' records.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(3)

44. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 43 above as if reiterated herein.

45. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*

46. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the ATDS Class members are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

47. Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**COUNT II
KNOWING AND/OR WILLFUL VIOLATION OF THE
TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227(b)(3)**

48. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 43 above as if reiterated herein.

49. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

50. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the ATDS Class members are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

51. Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**COUNT III
NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227(c)(5)**

52. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 43 above as if reiterated herein.

53. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c).

54. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the National Do-Not-Call Class members are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

55. Plaintiff and the National Do-Not-Call Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT IV
## KNOWING AND/OR WILLFUL VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(c)(5)

56. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 43 above as if reiterated herein.

57. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c)

58. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the National Do-Not-Call Class members are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

59. Plaintiff and the National Do-Not-Call Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

    a. An order certifying the ATDS Class and the National Do-Not-Call Class, and appointing Plaintiff as Representative of the Classes;

    b. An order certifying the undersigned counsel as Counsel for the Classes;

    c. An order requiring Defendants, at their own cost, to notify all of the Classes' Members of the unlawful conduct herein;

  d. Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

  e. Judgment against Defendants in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

  f. An order for injunctive relief prohibiting such conduct by Defendants in the future;

  g. Judgment against Defendants for Plaintiff's court costs and other litigation costs; and

  h. Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECFULLY SUBMITTED,

REGINA HOWELL

By: /s/ David B. Levin
   Attorney for Plaintiff
   Illinois Attorney No. 6212141
   Law Offices of Todd M. Friedman, P.C.
   333 Skokie Blvd., Suite 103
   Northbrook, Illinois 60062
   Phone: (224) 218-0882
   Fax: (866) 633-0228
   dlevin@toddflaw.com